928 F.2d 400
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Anthony BEARD, a/k/a Kevin Beard, Defendant-Appellant.
 No. 89-5664.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 18, 1990.
Decided March 11, 1991.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. J. Frederick Motz, District Judge. (CR-89-68)
 M. Gordon Tayback, Baltimore, Md., for appellant.
 Breckinridge L. Willcox, United States Attorney, Lisa M. Griffin, Assistant United States Attorney, Baltimore, Md., for appellee.
 D.Md.
 AFFIRMED.
 Before WILKINSON and NIEMEYER, Circuit Judges, and MERHIGE, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Anthony Beard was convicted of conspiring to manufacture PCP(y), a chemical analog of phencyclidine (PCP). On appeal he contends that (1) the evidence presented at his jury trial was insufficient to support a conviction; (2) the court erred in admitting inculpatory testimony of participants in the alleged conspiracy; and (3) he was entrapped. Finding none of Beard's contentions meritorious, we affirm his conviction.
 
 I.
 
 2
 Beard contends that the evidence was insufficient to support a jury verdict convicting him of conspiracy to manufacture PCP(y). In determining whether there was sufficient evidence upon which a conviction could be based, we must view the evidence presented at trial in the light most favorable to the government and decide whether, based upon that evidence, a rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979); United States v. Jackson, 863 F.2d 1168, 1173 (4th Cir.1989).
 
 
 3
 Evidence at trial established that Beard became involved in a "PCP(y) cook," a procedure for manufacturing PCP(y), when his friend, James Mahan, enlisted Beard's help in finding a location to "do the cook." As they agreed to do, Beard, Mahan and a government informant, Harry Winter, went to the house of Ronald Goins on November 11, 1988, to ask Goins if he would allow Mahan to use his house as the cook site. At Goins' home, Beard, who knew Goins better than the others, asked Goins in private if Mahan and Winter could use the house for the cook. He told Goins that Goins would receive a bottle of PCP(y) as payment. Goins agreed, and Mahan and Winter manufactured three gallons of PCP(y) at Goins' house. In return for Beard's help in obtaining a site for the cook, Mahan promised to "take care of" Beard by giving him money.
 
 
 4
 To support a conviction of conspiracy the government must show the defendant's participation in and knowledge of the conspiracy. United States v. Manbeck, 744 F.2d 360, 386 (4th Cir.1984), cert. denied, 469 U.S. 1217 (1985). The evidence viewed in a light most favorable to the government permits findings that Beard knew of the plan to manufacture PCP(y) and affirmatively took steps in helping secure a location for the cook, with the understanding that he would be rewarded for his effort. Because the evidence showed that he participated in the conspiracy with actual knowledge of its illegal purpose, we reject his contention that the evidence was insufficient to support his conviction.
 
 II.
 
 5
 Beard also contends that, since the Government did not establish a sufficient foundation for a conspiracy, testimony by alleged coconspirators Mahan and Goins was improperly admitted. In addition, Beard challenges the admission of testimony by Goins of post-arrest discussions in which Beard allegedly offered Goins money and drugs if Goins would take the blame for the use of Goins' house in manufacturing the PCP(y).
 
 
 6
 To the extent that Mahan and Goins testified about personal observations, their testimony may be admitted as that of any witness without the necessity of establishing a conspiracy. With respect to their testimony of statements made by Beard during the course of and in furtherance of the conspiracy, it is admissible under Fed.R.Evid. 801(d)(2)(E) which reads in relevant part:
 
 
 7
 (d) A statement is not hearsay if--
 
 
 8
 The statement is offered against a party and is ... (E) a statement by a coconspirator of a party during the course and in furtherance of the conspiracy.
 
 
 9
 Because, as we already concluded, the evidence was sufficient to prove Beard's participation in the conspiracy, testimony of Mahan and Goins about Beard's statements was properly admitted.
 
 
 10
 Goins' testimony regarding Beard's offer to give Goins drugs and money if he would take the blame for the decision to use Goins' house to manufacture PCP(y) was not admitted as a statement of a coconspirator but properly as an admission by a party under Rule 801(d)(2)(A).
 
 III.
 
 11
 Finally, Beard contends that he was "entrapped into being the minor player that he was in the entire manufacturing scenario." Brief of Appellant at 30. Beard did not, however, raise this affirmative defense below, and therefore it is waived. See United States v. Akinseye, 802 F.2d 740, 743 (4th Cir.1986) ("Entrapment is an affirmative defense that places on the defendant the initial burden of presenting some evidence that the government induced him to commit the offense charged."), cert. denied, 482 U.S. 916 (1987).
 
 
 12
 While we therefore do not decide the merits of this claim, it is noteworthy that Beard conceded that he was not "unfamiliar with the drug scene" and that he was "known to Mahan and others as a minor cocaine dealer in his neighborhood." Brief of Appellant at 7-8. This concession alone undermines any claim that Beard was not predisposed to commit the crime charged and would substantially weaken any entrapment defense, had it not already been waived.
 
 
 13
 For the reasons given we affirm the conviction.
 
 AFFIRMED